UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN W. PRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-01889-TWP-MPB |
| ) | |
| WEXFORD, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Screening Amended Complaint and Directing Further Proceedings**

Steven Pritt is an inmate at New Castle Correctional Facility. On June 24, 2021, he brought this civil rights suit alleging medical officials at New Castle were ignoring his health requests. Dkt. 1. On September 16, 2021, he filed an amended complaint. Dkt. 12. Because Mr. Pritt is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6):

> [The Amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II. Amended Complaint

Mr. Pritt has sued thirteen different defendants: Wexford, Nurse Delk, Nurse Davis, Nurse Courtny, Jane Doe Nurse, Dr. John, Dr. Falconer, Jane Doe Two Nurse, Dr. Johnson, Megan Miller, R. Schilling, Doe Two, and Doe Three.

Mr. Pritt alleges he suffers from a myriad of health conditions: congestive heart failure, hypertension, cholesterol problems, bipolar disorder, depression, and prostate inflammation. Dkt. 12 at 4. He generally alleges Defendants were deliberately indifferent to his medical needs. *Id*. He contends they would delay refills on his medication, ignore his requests to be treated, and would deny him medical care. *See id.* at 4 – 5. With respect to Dr. John and Nurse Delk, Mr. Pritt alleges they both denied him medical treatment and then threatened disciplinary action if he continued to request for help. *Id.* at 6, 11.

## III. Discussion

### A. Medical Care Claims

Mr. Pritt has stated a deliberate indifference claim against Nurse Delk, Nurse Davis, Nurse Courtny, Dr. John, Dr. Falconer, Dr. Johnson, and Megan Miller. With respect to these defendants, he has alleged they denied him medical care and delayed his treatment. This is sufficient to state a claim for deliberate indifference to his medical needs. *See Perez v. Fenoglio*, 792 F.3d 768, 767 – 77 (7th Cir. 2015) ("To state an Eighth Amendment claim based on deficient medical care, a plaintiff must allege an objectively serious medical condition and an official's deliberate indifference to that condition.").

### B. Retaliation Claims

Mr. Pritt has also stated retaliation claims against Nurse Delk and Dr. John. He alleges Nurse Delk and Dr. John threatened him with discipline after he continued to ask for his prescriptions and request medical treatment. He contends this made him wary from asking for medical treatment in the future. This is enough to state a retaliation claim under the First Amendment. *Perez*, 792 F.3d at 783 ("To state a First Amendment claim for retaliation, a plaintiff must allege that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity, was at least a motivating factor in the defendant's decision to take the retaliatory action.") (internal quotations and citation omitted).

### C. *Monell* Claim against Wexford

Mr. Pritt has adequately alleged a *Monell* claim against Wexford. He asserts Wexford employs a policy that causes lapses and delays in refilling his prescription medication, which ultimately cause him unnecessary pain. Mr. Pritt contends Wexford is aware of the deficiencies in its policy but refuses to correct the issues to save money and reduce expenses. Dkt. 12 at 17 – 18. This is sufficient to state a *Monell* claim against Wexford.  *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 – 54 (7th Cir. 2021) (noting a private healthcare contractor may be liable under *Monell* if it follows a policy or custom that causes the harm in violation of the constitution).

### D. Claim against R. Schilling

Mr. Pritt's only allegation against R. Schilling is that he did not reply to his grievance as provided for by Indiana Department of Correction Policy. Mr. Pritt asserts this violated his due process rights. This claim, however, is unrelated to his medical care claims, and so it will be dismissed without prejudice. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("Unrelated

claims against different defendants belong in different suits[.]") (internal quotations and citation omitted); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."). If Mr. Pritt wishes to pursue this claim, he should file a new complaint and commence a new action. *See Owens*, 860 F.3d at 436.

### E. Claims against John Doe Defendants

Plaintiffs cannot proceed against unknown defendants in federal court, so Mr. Pritt's claims against the John Doe defendants will be dismissed without prejudice. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997), cited with approval in *Troya v. Wilson*, 807 F. App'x 556, 558 (7th Cir. 2020).  What Mr. Pritt can do, however, is serve discovery on the known defendants and then move to amend his complaint later in the litigation when he learns the identity of the unknown defendants. *Troya*, 807 F. App'x at 560 (noting a court's decision to dismiss unnamed defendants without prejudice is permissible so long as the plaintiff has an opportunity to amend later and name the defendants).

## IV. Conclusion

Mr. Pritt's claims against Wexford, Nurse Delk, Nurse Davis, Nurse Courtny, Dr. John, Dr. Falconer, Dr. Johnson, and Megan Miller **shall proceed**. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Wexford, Nurse Delk, Nurse Davis, Nurse Courtny, Dr. John, Dr. Falconer, Dr. Johnson, and Megan Miller in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [12], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

Defendants Nurse Delk, Nurse Davis, Nurse Courtny, Dr. John, Dr. Falconer, Dr. Johnson, and Megan Miller are identified as employees of Wexford of Indiana, LLC. A copy of this Entry and the process documents shall also be served on Wexford electronically. Wexford is **ORDERED** to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*.

Mr. Cook's claims against R. Schilling, Jane Doe Nurse, Jane Doe Two Nurse, Doe Two, and Doe Three are **dismissed without prejudice** for failure to state a claim. The **clerk is directed** to terminate R. Schilling, Jane Doe Nurse, Jane Doe Two Nurse, Doe Two, and Doe Three as defendants in this matter.

**IT IS SO ORDERED**.

Date: 12/2/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

STEVEN W. PRITT
196024
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic service to Wexford of Indiana, LLC

Nurse Delk
New Castle Correctional Facility
1000 Van Nuys Rd.
P.O. Box E
New Castle, IN 47362

Nurse Davis
New Castle Correctional Facility
1000 Van Nuys Rd.
P.O. Box E
New Castle, IN 47362

Nurse Courtny
New Castle Correctional Facility
1000 Van Nuys Rd.
P.O. Box E
New Castle, IN 47362

Dr. John
New Castle Correctional Facility
1000 Van Nuys Rd.
P.O. Box E
New Castle, IN 47362

Dr. Falconer
New Castle Correctional Facility
1000 Van Nuys Rd.
P.O. Box E
New Castle, IN 47362

Dr. Johnson
New Castle Correctional Facility
1000 Van Nuys Rd.
P.O. Box E
New Castle, IN 47362

Megan Miller
New Castle Correctional Facility
1000 Van Nuys Rd.
P.O. Box E
New Castle, IN 47362